

M<sup>C</sup>CARTER
ENGLISH
ATTORNEYS AT LAW

July 20, 2007

VIA ECF

Hon. Patty Shwartz
United States Magistrate Judge
U.S. District Court, District of N.J.
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07101

Adam N. Saravay
Partner
T. 973.639.2023
F. 973.297.3749
asaravay@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

     Re:    Stillman v. Staples, Inc., No. 07cv849

Dear Judge Shwartz:

    We write to you pursuant to paragraph 9 of your Order of July 11, 2007 to advise of a discovery dispute that has arisen regarding Defendant's response to Plaintiff's Interrogatory Number 2.

    We write to you pursuant to the Court's July 19, 2007 Order directing the parties to meet and confer further regarding the discovery dispute that has arisen regarding Defendant's response to Plaintiff's Interrogatory Number 2. The parties have done so, and unfortunately, are unable to resolve the issue. Pursuant to paragraph 9 of your Order of July 11, 2007, we are providing the following information about the dispute.

    (a) <u>The Request.</u>  Plaintiff's Interrogatory 2 asks Defendant to:

    "Identify by name, business address (or last known home address if not current employee of Defendant), position and title, any other employee with the same or similar job duties and responsibilities as those of Plaintiff."

    (b) <u>The Response.</u>  Defendant's response to that Interrogatory is:

    "Objection.  This interrogatory is overly broad, vague, unduly burdensome, and premature, as this action has not been certified to proceed as a collective action."

    (c) <u>Efforts at Resolution.</u> Counsel for the parties engaged in a teleconference on Friday, July 13, 2007 in a good faith attempt to resolve the discovery dispute. Counsel for the parties have also reviewed each other's written statements of position and communicated by e-mail on July 19, 2007.

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

ME1 6591966v.1

Hon. Patty Shwartz
July 20, 2007
Page 2

(d) <u>Plaintiff's Position.</u> Plaintiff maintains that this information is necessary to assist Plaintiff in determining the number and identity of other employees of Defendant who are similarly to Plaintiff and who have suffered the same allegedly wrongful treatment at the hands of Defendant.  The identity of Plaintiff's co-workers is certainly relevant to this case as these individuals are critical fact witnesses to key issues in the lawsuit such as Plaintiff's job duties, hours and may have evidence relating to Plaintiff's "willful" claim and Defendant's "good faith" defense. Further, the identity of these other employees is discoverable regardless of whether the Court facilitates the judicial notice process.

Thus, in <u>Miklos v. Golman-Hayden Cos.</u>, 2000 U.S. Dist. LEXIS 22352 (S.D. Ohio Oct. 24, 2000), the court granted plaintiff's motion to compel the names and addresses of co-workers where plaintiff had not sought certification. Likewise, in <u>Bailey v. Ameriquest Mortgage. Co.</u>, 2002 U.S. Dist. LEXIS 14866 (D. Minn. Aug. 5, 2002), the plaintiffs did not move for court-authorized notice, but sought the court's assistance in obtaining similar discovery, which the defendant resisted. The court compelled discovery of the names and addresses of other current and former co-workers employed at 190 branch offices of the employer nationwide. The court, in ordering this discovery, overruled the employer's objection that before compelling disclosure of the names and addresses, the court had to certify a collective action.

(e) <u>Defendant's Position.</u> Plaintiff's request for the names and addresses of all Staples sales managers nationwide over several years -- essentially a list of potential collective action plaintiffs -- is premature and should await the outcome of a motion for conditional certification.  Production of a list of employees in the same position as the plaintiff can be ordered to facilitate the distribution of notice, <u>Felix De Asencio v. Tyson Foods, Inc.</u>, 130 F. Supp.2d 660, 662-63 (E.D.Pa. 2001), but only after a case is conditionally certified as a collective action. <u>Id.</u>, at 662 ("In order for the district court to facilitate notice, it must find that the action can proceed as a representative action.").  Accordingly, the courts have ordered defendants to produce lists of employees holding the same job where a plaintiff has established a basis for conditional certification, <u>see</u>, <u>e.g.</u>, <u>id.</u>; <u>Gjurovich v. Emmanuel's Marketplace, Inc.</u>, 282 F. Supp.2d 101 (S.D.N.Y. 2003), and have denied requests for such lists where the plaintiff has failed to make a showing that a case should be conditionally certified as a collective action, <u>see e.g.</u>, <u>Villanueva-Bazaldua v. Trugreen Ltd. Partners</u>, 479 F. Supp.2d 411 (D. Del. 2007); <u>Shushan v. University of Colorado at Boulder</u>, 132 F.R.D. 263 (D. Co. 1990); <u>St. Leger v. A.C. Nielsen Co.</u>, 123 F.R.D. 567 (N.D. Ill. 1988).  The two unpublished opinions on which plaintiff relies, from district courts in other circuits, do not require a different result.  <u>Bailey</u> discusses whether to stay a discovery order pending appeal, without discussing the reasons for the underlying discovery order, and the brief discussion in <u>Miklos</u> does not address the case law on which Staples relies here.

The courts have expressed appropriate concern that defendants and courts should not be burdened with nationwide discovery unless and until a plaintiff

Hon. Patty Shwartz
July 20, 2007
Page 3

demonstrates that conditional certification is warranted. Trugreen, 479 F. Supp. 2d at 418.   The same concerns and principles apply here.   Plaintiff has already identified witnesses whom he claims will support his allegations that he is similarly situated to other Staples sales managers, and discovery of the names and addresses of all persons holding that position nationwide over two years would be unnecessary and unduly burdensome at this stage.   In accordance with the case law cited above, production of what is essentially a list of potential plaintiffs should await a determination as to whether this case should proceed as a collective action.

Respectfully submitted,

Adam N. Saravay
McCarter & English
Attorneys for Staples, Inc.

Seth Lesser    *sff* (signed for Seth Lesser at his request)
Locks Law Firm
Attorneys for Ronald Stillman

cc:  All Counsel (by ECF)