**NOTE FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

RONALD STILLMAN             :

                             :      **Civil Action No. 07-849 (KSH)**

         **Plaintiff,**        :

                             :

                             :

         **v.**                 :          **OPINION**

                             :

                             :

STAPLES, INC.            :

                             :

         **Defendant**      :

_____:

**SHWARTZ, Magistrate Judge**

       This matter is before the Court on plaintiff Ronald Stillman's motion to: (1) conditionally

certify this case as a collective action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §

216(b); (2) provide judicial notice to all potential plaintiffs; and (3) require the defendants to

provide an electronic list of potential plaintiffs and their contact information.[1]  For the reasons set

_____

[1] In support of their respective positions, the parties have submitted the following factual
materials:

    1. Deposition of Jeffery Ciotti dated Feb. 4, 2008 ("Ciotti Dep."), attached as Ex.
F to Declaration of Seth R. Lesser dated March 7, 2008 ("Lesser Dec."), (worked
in the Meadville, Pennsylvania Staples from approximately 8/04-8/06);

    2. Declaration of Brett Stone ("Stone Dec.") dated March 5, 2008; Deposition of
Brett Stone dated Jan. 9, 2008 ("Stone Dep."), attached as Ex. G to Lesser Dec.,
(worked in the Hyannis, Massachusetts Staples from 4/05-4/06);

    3. Declaration of Darrell Gaines dated March 5, 2008 ("Gaines Dec."); Deposition
of Darrell Gaines dated Jan. 30, 2008 ("Gaines Dep."), attached as Ex. H to Lesser
Dec., (worked in the Novi, Michigan Staples from 10/05-4/07);

4. Declaration of Brian Baca dated March 6, 2008 ("Baca Dec."); Deposition of Brian Baca dated Feb. 11, 2008 ("Baca Dep."), attached as Ex. I to Lesser Dec., (worked in the Montgomeryville, Pennsylvania Staples from 5/06-1/07);

5. Declaration of Brian Bright dated March 5, 2008 ("Bright Dec."); Deposition of Brian Bright dated Feb.12, 2008 ("Bright Dep."), attached as Ex. J to Lesser Dec., (worked in the Harrisburg, Roanoke, and Valley View Road, North Carolina Staples from the Fall of 1999 to the Summer of 2005);

6. Deposition of Kevin Watkins dated Jan.15, 2008 ("Watkins Dep."), attached as Ex. K to Lesser Dec., (worked in the Fowler, Pinellas Park, and St. Petersburg, Florida Staples from 3/97-2/04);

7. Declaration of N'Gai George dated March 6, 2008 ("George Dec."); Deposition of N'Gai George dated Jan. 3, 2008 ("George Dep."), attached as Ex. K to Lesser Dec., (worked in the Deer Park, New York Staples from 1/99-11/06);

8. Deposition of Monica McDavid dated Jan. 24, 2008 ("McDavid Dep."), attached as Ex. M to Lesser Dec., (worked in the Greenville, Tennessee Staples from 9/06-06/07);

9. Declaration of Scott Wood dated March 5, 2008 ("Wood Dec."); Deposition of Scott Wood dated Jan. 24, 2008 ("Wood Dep."), attached as Ex. N to Lesser Dec., (worked in the Easley and Greenville, South Carolina Staples from 6/01-9/04);

10. Declaration of Jeremy Biggs dated March 6, 2008 ("Biggs Dec."); Deposition of Jeremy Biggs dated Dec. 27, 2007 ("Biggs Dep."), attached as Ex. O to Lesser Dec., (worked in the Claremont, New Hampshire and Hyannis, Massachusetts Staples from 1996 to 5/2007);

11. Declaration of David Graybeal dated March 7, 2008 ("Graybeal Dec."); Deposition of David Graybeal dated Feb. 13, 2008 ("Graybeal Dep."), attached as Ex. P to Lesser Dec., (worked in the Wilson and Goldsboro, North Carolina Staples from 8/02-3/05);

12. Declaration of Edward Carter dated March 5, 2008 ("Carter Dec."); Deposition of Edward Carter dated March 21, 2008 ("Carter Dep."), attached as Ex. B to Declaration of Robert W. Fischer, Jr. ("Fisher Dec."), (worked in the Stratford, Shelton, and Bridgeport, Connecticut Staples from 8/01-4/07);

13. Deposition of Jonathan Boone dated March 21, 2008 ("Boone Dep."),

forth below, the motion is granted, the proposed notice shall be disseminated as modified herein, and the defendant shall produce contact information for its current and former sales managers with the exception of those who worked for Staples in California.

I.      Facts

_____From about June 2004 until October 2006, Ronald Stillman ("Plaintiff") was employed by Staples Inc. ("Staples" or "Defendant") as an Assistant Store Sales Manager ("Manager") at a Staples in New Jersey.  Stillman Dep. at 60:3-10; 62:1-5.  Staples' job description for a Sales Manager includes supervising various hourly employees at a Staples and enhancing customer service.  See Lesser Cert. at Ex. Q.  The plaintiff alleges that although he had the title of "Sales Manager," he performed non-managerial tasks that hourly workers are supposed to perform.

The plaintiffs[2] claim that, as managers, they were required to work more than forty hours per week.[3]  Moreover, the plaintiffs testified that although they held the title of manager, they

_____

attached as Ex. A to Fisher Dec., (worked in the Yorktown Heights, Larchmount, and Yonkers, New York Staples and the Wilton and West Danbury, Connecticut Staples from 01/00-8/05);

14. Deposition of Deborah Moore dated Nov. 13, 2007 ("Moore Dep."), attached as Ex. D to Lesser Cert., (Director of Human Resources for Staples); and

15. Deposition of Susan Hoyt dated Nov. 14, 2007 ("Hoyt Dep."), attached as Ex. A to Lesser Cert., (Executive Vice President for Human Resources for Staples).

[2] The Sales Managers whose depositions and/or declarations were submitted with this motion are collectively referred to as "Plaintiffs."

[3] See Graybeal Dep. at 21:5-8; Graybeal Dec. at ¶ 4;  Gaines Dep. at 54: 3-7; Gaines Dec. at ¶ 4; Baca Dep. at 18:16; Baca Dec. at ¶ 4; George Dep. at 26:19-23; George Dec. at ¶ 4; McDavid Dep. at 39:5-8, 69:22-25; Stillman Dep. at 46:4-10; Bright Dep. at 24:1-5; Bright Dec. at ¶ 4; Watkins Dep. at 26:10-22; Wood Dep. at 26:9-11; Woods Dec. at ¶ 4; Biggs Dep. at 48:4-6; Biggs Dec. at ¶ 4; Ciotti Dep. at 92:5; Stone Dep at 17:22-29; Stone Dec. at ¶ 4; Boone Dep. at 32:8-10, Carter Dep. at 25:2; Carter Dec. at ¶ 4.

were not permitted to: (1) hire personnel,[4] (2) terminate personnel,[5] (3) arrange or create

schedules for the hourly employees,[6] (4) train the hourly employees,[7] and (5) review the key

management reports.[8]

Moreover, the plaintiffs testified that they spent the majority of their time performing

tasks normally relegated to hourly workers.[9]  These tasks included: (1) stocking,[10] (2) working as

_____

[4]See Graybeal Dep. at 40:1-5; Graybeal Dec. at ¶ 7; Gaines Dep. at 60: 9-20; Gaines Dec. at ¶ 7; Baca Dep. at 31: 19-25; Baca Dec. at ¶ 7; George Dep. at 33:23-34:9; George Dec. at ¶ 7; McDavid Dep. at 81:21-25; Stillman Dep. at 99:5-10; Bright Dep. at 49:15-19; Bright Dec. at ¶ 7; Wood Dep. at 30:18-22; Wood Dec. at ¶ 7; Biggs Dep. at 44:3-12; Biggs Dec. at ¶ 7; Ciotti Dep. at 59:5-9; Stone Dep at 50:8-10; Stone Dec. at ¶ 7;  Moore Dep. at 154:18-21; Carter Dec. at ¶ 7.

[5]See Graybeal Dep. at 62:4-12; Graybeal Dec. at ¶ 7; Gaines Dec. at ¶ 7; Baca Dep. at 46: 19-20; Baca Dec. at ¶ 7; George Dep. at 40:10-13; George Dec. at ¶ 7; Stillman Dep. at 136:9-25; Bright Dep. at 52:2-7; Bright Dec. at ¶ 7; Watkins Dep. at 50:17-19; Wood Dep. at 39:14-17; Wood Dec. at ¶ 7; Biggs Dep. at 68:1-5; Biggs Dec. at ¶ 7; Ciotti Dep. at 74:1-9; Stone Dep. at 50:13-19; Stone Dec. at ¶ 7 Carter Dep. at 43:21-23; Moore Dep. at 154:18-21; Moore Dep. at 154:25-155:3; Carter Dec. at ¶ 7.

[6]See Graybeal Dep. at 85:3-6; Gaines Dep. at 62: 7-12; George Dep. at 68:8-12; McDavid Dep. at 91:8-15; Stillman Dep. at 172:6-10; Bright Dep. at 67:10-12; Watkins Dep. at 67: 9-12; Wood Dep. at 60:13-21; Biggs Dep. at 49:15-18; Ciotti Dep. at 67:13-19; Stone Dep. at 37:14-19; Carter Dep. at 40:24-41:1.

[7]See Graybeal Dep. at 88:6-10; Gaines Dep. at 61:15-20; Baca Dep. at 31:19-25; George Dep. at 32:4-16; McDavid Dep. at 73:3-11; Stillman Dep. at 101:14-17; Wood Dep. at 35:6-8; Biggs Dep. at 44:16-23; Ciotti Dep. at 61:17-19; Stone Dep. at 49:15-19; Boone Dep. at 91:15-20; Carter Dep. at 52:9-12.

[8]See Graybeal Dep. at 40:1-5; Gaines Dep. at 60: 9-20; Baca Dep. at 31: 19-25; George Dep. at 33:23-34:9; McDavid Dep. at 81:21-25; Stillman Dep. at 99:5-10; Bright Dep. at 49:15-19; Wood Dep. at 30:18-22; Biggs Dep. at 44:3-12; Ciotti Dep. at 59:5-9; Stone Dep. at 50:8-10.

[9]See Graybeal Dep. at 98:10-14; Graybeal Dec. at ¶ 5; Gaines Dep. at 74:23; Gaines Dec. at ¶ 5; Baca Dep. at 54:22-25; Baca Dec. at ¶ 5; George Dep. at 75:4-11; George Dec. at ¶ 5; McDavid Dep. at 97:23-25; Stillman Dep. at 193:14-17; Bright Dep. at 59:23-25; Bright Dec. at ¶ 5; Watkins Dep. at 72:14-73:19; Wood Dep. at 65:17-20; Wood Dec. at ¶ 5;  Biggs Dep. at 19:20-23; Biggs Dec. at ¶ 5; Ciotti Dep. at 148:19-25; Stone Dep. at 119:14-16; Stone Dec. at ¶

-4-

a cashier,[11] (3) cleaning,[12] (4) unloading delivery trucks,[13] and (5) selling products directly to

customers.[14]

       Staples has confirmed that its Sales managers at Staples have the same duties and

---

5; Boone Dep. at 14:16-21; see also Carter Dep. at 77:19-78:4; Carter Dec. at ¶ 5.

    [10]See Graybeal Dep. at 78:9-20; Graybeal Dec. at ¶ 5; Gaines Dep. at 64:4-10; Gaines Dec. at ¶ 5; Baca Dep. at 37:19-21; Baca Dec. at ¶ 5; George Dep. at 75:4-11; George Dec. at ¶ 5; Stillman Dep. at 198:2-15; Bright Dep. at 59:11-20; Bright Dec. at ¶ 5; Watkins Dep. at 75:9-10; Wood Dep. at 76-15-20; Wood Dec. at ¶ 5; Biggs Dep. at 28:8-15; Biggs Dec. at ¶ 5; Ciotti Dep. at 119:19-25; Stone Dep. at 100:19-25; Stone Dec. at ¶ 5; Boone Dep. at 94:6-9; see also Carter Dep. at 69:20-22; Carter Dec. at ¶ 5.

    [11] See Graybeal Dep. at 76:22-25; Graybeal Dec. at ¶ 5; Gaines Dep. at 81:17-20; Gaines Dec. at ¶ 5; Baca Dep. at 26:14-16; Baca Dec. at ¶ 5; George Dec. at ¶ 5; McDavid Dep. at 61:12-16; Stillman Dep. at 103:14-19; Bright Dep. at 59:11-20; Bright Dec. at ¶ 5; Watkins Dep. at 72:14-16; Wood Dep. at 58:6-11; Wood Dec. at ¶ 5; Biggs Dep. at 23:8-15; Biggs Dec. at ¶ 5; Ciotti Dep. at 103:14-19; Stone Dep. at 99:2-5; Stone Dec. at ¶ 5; Carter Dep. at 67:16-19; Carter Dec. at ¶ 5.

    [12]See Graybeal Dep. at 81:13-20; Graybeal Dec. at ¶ 5; Gaines Dep. at 64:4-9; Gaines Dec. at ¶ 5; Baca Dep. at 42:1-7; Baca Dec. at ¶ 5; George Dep. at 52:14-15; George Dec. at ¶ 5; Stillman Dep. at 209:12-15; Bright Dep. at 59:11-20; Bright Dec. at ¶ 5; Watkins Dep. at 80:1-5; Wood Dep. at 80:13-25; Wood Dec. at ¶ 5; Biggs Dep. at 90:1-3; Biggs Dec. at ¶ 5; Ciotti Dep. at 76:10-25; Stone Dep. at 105:16-18; Stone Dec. at ¶ 5; Boone Dep. at 85:22-23; Carter Dep. at 51:10-14; Carter Dec. at ¶ 5.

    [13]See Graybeal Dep. at 52:5-10; Graybeal Dec. at ¶ 5; Gaines Dep. at 88:6-8; Gaines Dec. at ¶ 5; Baca Dep. at 27:8-10; Baca Dec. at ¶ 5; George Dep. at 83:24-25; George Dec. at ¶ 5; Stillman Dep. at 209:22-25; Bright Dep. at 59:11-20; Bright Dec. at ¶ 5; Watkins Dep. at 80:14-15; Wood Dep. at 81:18-20; Wood Dec. at ¶ 5; Biggs Dep. at 90:5-13; Biggs Dec. at ¶ 5; Ciotti Dep. at 74:1-14; Stone Dep at 106:22-107:4; Stone Dec. at ¶ 5; Boone Dep. at 87:17-24; Carter Dep. at 73:20-23; Carter Dec. at ¶ 5.

    [14]See Graybeal Dep. at 72:16-18; Graybeal Dec. at ¶ 5; Gaines Dep. at 83:10-12; Gaines Dec. at ¶ 5; Baca Dep. at 27:7-10; Baca Dec. at ¶ 5; George Dep. at 75:4-11; George Dec. at ¶ 5; McDavid Dep. at 88:6-10; Stillman Dep. at 122:22-25; Bright Dep. at 41:14-42:3; Bright Dec. at ¶ 5; Watkins Dep. at 73:18-19; Wood Dep. at 73:22-24; Wood Dec. at ¶ 5; Biggs Dep. at 89:1-4; Biggs Dec. at ¶ 5; Ciotti Dep. at 64:19-21; Stone Dep at 63:18-24; Stone Dec. at ¶ 5; Boone Dep. at 41:1-5; Carter Dep. at 69:16-17; Carter Dec. at ¶ 5.

responsibilities throughout the entire company, Hoyt Dep. at 47:20-22; Moore Dep. at 61:17-23, are promoted using the same criteria,  Moore Dep. at 70:3-6, receive the same training for all external hires, id. at 97:9-11, are paid on the same salary basis, id. at 63:20-24, considered exempt under the FLSA, and thus not entitled to overtime pay.  Id. at 81:24-82:2; Hoyt Dep at 44:6-10.

Because plaintiff believes that he and other Sales Managers performed tasks of a non-exempt employee and worked more than forty hours a week, he contends that he was entitled to overtime pay.  As a result, on February 21, 2007, plaintiff filed a Complaint against the defendant alleging violations of FLSA, 29 U.S.C. § 255 (a) and New Jersey Wage Payment Law, see Docket Entry No. 1, and now asks this Court to conditionally certify the FLSA case as a collective action by sales managers who worked more than forty hours a week and were not paid overtime as required by FLSA.  On October 15, 2007, plaintiff's counsel unilaterally sent a letter to former Staples Managers informing them of this action and advising them of their right to join the suit.  See Fisher Dec. Ex. E.  The letter also contained a consent form that authorized plaintiff's counsel to file a claim against Staples for overtime wages and authorized the plaintiff to make decisions about the case on the employees' behalf.  Id. Ex. F.  More than 180 plaintiffs executed the consent forms.  See Docket Entries Nos. 41-50, 52-65, 69-193, 196-202, 205-209, 211-214, 216-221, 223-225, 229-236, 243, 246, 248, 250-252, 255.

II.  Summary of Arguments

The plaintiff argues that this Court should conditionally certify this action because the factual record shows that the plaintiff is similarly situated with other employees who held the job title of Sales Manager.  Moreover, the plaintiff argues that this case is appropriate for Court-

facilitated notice because: (1) it will prevent the statute of limitations from extinguishing or diminishing the claims of potential opt-in plaintiffs; (2) judicial economy would be served because Sales Managers can present their claims in one forum; and (3) plaintiff's proposed notice is accurate, informative and appropriate in that it provides timely notice of the claim, describes the claims, and informs the Sales Managers that the defendant is defending against these claims. Lastly, the plaintiff argues that defendant should produce information such as dates of employment, address, phone numbers, social security numbers and job titles for Sales Managers to facilitate notice to all the potential plaintiffs.

The defendant argues that the plaintiff has not shown that the putative collective action members were victims of an unlawful policy because: (1) the job description for Sales Manager shows that persons in the plaintiff's position are exempt; (2) the plaintiffs have submitted evidence of a few individuals who are not representative of the proposed collective action; (3) the collective action does not incorporate any current Sales Managers; and (4) the individualized facts relating to each plaintiff prevent the formation of a collective action. Moreover, the defendant argues that the existing opt-in forms should be invalidated because: (1) the plaintiff's distribution of the letter to former sales managers was improper, (2) the content of plaintiff's counsel's letter is inaccurate, and (3) the consent form included with the letter is misleading and deficient. Defendant argues that plaintiff's proposed notice fails to: (1) explain what a collective action is, (2) describe the composition of the proposed class, (3) notify the putative class members of their right to retain their own counsel, (4) notify the putative class members that if they opt-in they are bound by the resolution of this case, (5) notify the putative class members that the defendant contests plaintiff's claims, and (6) notify the putative class members that the

-7-

Court has expressed no opinion as to the merits of the claim.  In addition, the defendants argue that if conditional certification is granted, then (1) a modified notice should be approved for distribution; (2) the defendant should be required to only identify the names and addresses of potential putative class members, (3) the defendant should be provided more than ten days to respond to plaintiff's information request, and (4) the collective action must exclude all members of the California class.

In response, the plaintiff argues that the defendant incorrectly argues the merits of the claim and is not disputing that the plaintiff and other Sales Managers are similarly situated.  The plaintiff also argues that the existing opt-in consent forms should not be invalidated because: (1) the defendant has not previously challenged the letter sent to the former Sales Managers, (2) the defendant knew of the existing letter in November of 2007 and are thus dilatory in now requesting to strike it, (3) the letter sent by the plaintiff is an advertisement and is protected by the First Amendment, (4) the letter plaintiff's counsel sent was not an opt-in notice, but rather an attorney advertisement, and the advertisement did not contain any misrepresentations or falsehoods, (5) the fact that the letter plaintiff sent does not inform the recipients that they have a choice to hire their own attorney is trivial, (6) the letter and its contents substantially complied with the appropriate standards, and (7) although the Court may supervise notice, that fact does not preclude the plaintiff from having communications with prospective collective action members.  The plaintiff also argues that its proposed notice should be approved because it meets the basic purpose of the FLSA opt-in notices to provide accurate information and that defendant's proposed changes should be rejected because: (1) plaintiff's Fourth Bullet point pertaining to the whether or not the recipient's rights may be affected is clear and written in

layperson terms, (2) plaintiff's Section I about why the recipient received the notice is easy to read and straightforward, (3) plaintiff's Section II regarding the recipient's choices as to whether or not to join the instant action provides basic instruction whereas defendant's proposal would confuse prospective class members, (4) defendant's version of Section III, which discusses what will happen if the recipient joins the action, acts as a threat to prospective class members that they will bear the costs of the litigation if they do not prevail, (5) defendant requests that Section IV be modified so that it does not state that class members "may lose some of [their] rights if [they] do not act now" would be materially misleading because it does not inform the recipient that the recipient's rights are affected by the passage of time, (6) Section V, which addresses how the recipient would go about joining this action, should not be modified as the defendant suggest because it would lead to inefficient adjudication of the matter and is misleading, (7) Section VII should be omitted because existing plaintiffs should not be required to sign another consent form because the current consent form is valid, and (8) Section VI, which advises the recipient about possible retaliation should not be modified because it protects class members who are current employees of the defendant from retaliation.  Lastly, the plaintiff argues that the defendant should produce telephone numbers, dates of birth, employment dates and social security numbers of all current and former Sales Managers because this information is necessary to identify all potential class members and privacy concerns are addressed by the Discovery Confidentiality Order.

III.   <u>Discussion</u>

A.  <u>Collective Action Standard</u>

As the Honorable Katherine S. Hayden recently observed:

The FLSA governs hour and wage practices and requires, among other things, that employers pay covered employees at least a specified minimum wage for work performed and overtime pay for hours worked in excess of forty hours per week.  29 U.S.C. §§ 202, 207.  The Act provides a mechanism that allows groups of such employees to proceed together to seek recovery for violations of the act.  Section 216(b) specifically provides:

> [a]n action to recover . . . liability may be maintained against any employer . . . by one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  This provision allows a group of employees to proceed in a collective action, which enables them to pool their resources to "vindicate their rights" at lower cost.  Hoffman-La Roch, Inc.v. Sperling, 493 U.S. 165, 170 (1985).  A collective action has two stages, namely the conditional certification and notice stage and the final certification stage.[15]  Morisky v. Public Service Elec. & Gas, Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000); see also Dreyer v.

---

[15] As Judge Hayden also observed:

[a]t the second stage, the Court makes a decision on final certification based upon a "specific factual analysis of each employee's claim to ensure that each claimant is an appropriate party.  Plaintiffs bear the burden of showing they are similarly situated to the proposed class." Bosley v. Chubb Group, Civ. No. 04-4598, 2005 WL 1334565, at *2 (E.D. Pa. June 3, 2005) quoted in Hewitt Associates, Inc., Civ. No. 06-267, 2007 WL 2121693, *3 (D.N.J. July 24, 2007).  Because a full factual record exists at this stage, a stricter standard is applied, Morisky, 111 F. Supp. 2d at 497; see also Hewitt, 2007 WL 2121693 at 3, and the Court examines various factors, including "disparate factual and employment settings of the individuals plaintiffs, the various defenses available to defendants, and fairness and procedural considerations." Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987).  Because this often requires a determination as to whether an employee has exempt or nonexempt status, courts examine the employee's duties, responsibilities, salary, and  "the time spent performing administrative duties." Morisky, 111 F. Supp. 2d at 499.   To succeed in obtaining final certification, the plaintiff must make a showing that "the nature of the work performed by other claimants is at least similar to [their] own." Id. at 498 (citation omitted).  This case is presently at the first, conditional certification stage.

Ingram, 2008 WL 281224 at *4.

Altchem Environmental Services, Civ. No. 06-2393, 2006 WL 3676013 (D.N.J. Dec. 12, 2006)(citing cases).

* * * *

As part of the first stage, the Court is required to determine, under "a comparatively limited standard," whether or not plaintiff's proposed collective group is constituted of similarly situated employees to whom notice should be sent.  Morisky, 111 F. Supp. 2d at 497; Herring v. Hewitt Associates, Inc., Civ. No. 06-267, 2007 WL 2121693, *3 (D.N.J. July 24, 2007).  Put differently, the first stage requires a finding that: (1) the collective action members are "similarly situated"; and (2) the members affirmatively consent to join the action.  Hoffman-La Roche, 493 U.S. at 170.

To show that the plaintiff and the other employees are similarly situated, the plaintiff need not show that his position is identical to the positions of other putative class members.  Sperling v. Hoffman-La Roche, 118 F.R.D. 392, 405 (D.N.J. 1988), aff'd.,  Hoffman La-Roche v. Sperling, 493 U.S. 165, 170 (1989).  Rather the plaintiff must show "a factual nexus between [his] situation and the situation of other current and former [employees] sufficient to show that they are similarly situated."  Aquillino v. The Home Depot, Civ. No. 04-4100, 2006 WL 2583563 * 2 (D.N.J. Sept. 7, 2006).  The determination is made using "a fairly lenient standard" based on the minimal evidence before the Court.  Morisky, 111 F. Supp. 2d at 497; see also Aquillino, 2006 WL 2583563 * 1-2.  At this stage, some courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan [in violation of law.]."  Morisky, 111 F. Supp. 2d at 497; see also Hewitt, 2007 WL 2121693 at * 3.  Other courts have stated that "to make a meaningful decision about whether certain people are similarly situated . . . [requires] . . . as a factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated."  Armstrong v. Weichert Realtors, Civ. No. 05-3120, 2006 WL 1455781 *1 (D.N.J. May 19, 2006); see also Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 51& n. 10 (3d Cir. 1989), rev'd on other grounds, Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1099 (3d Cir. 1995)(stating that only a modest factual showing that the plaintiff's position is similar to that of other employees and that the employees were victims of a common policy or scheme of the employer is required).  The merits of the claims "need not be evaluated nor discovery be completed in order for such a notice to be approved and disseminated."  Aquillino, 2006 WL 2583563 at *2 (quoting Masson v. Ecolab, Inc., Civ. No. 04-4488, 2005 WL 2000133, at *12-14 (E.D.N.Y. Aug. 18, 2005)).   If plaintiff satisfies the similarly situated standard, then the Court grants conditional certification of the collective action for the purpose of sending notice to the potentially effected employees and conducting discovery concerning the opt-in plaintiffs.  Herring, 2007 WL

-11-

2121693 at *3, 4 (noting a stage one finding "establishes nothing more than the right of the plaintiffs to establish a collective action" and "provides for unified trial preparation, prosecution, and defense on what appears to be a single discriminatory decision.").

Ingram v. Coach USA, Inc., Civ. No. 06-3425, 2008 WL 281224, *4-*5 (D.N.J. Jan 28, 2008).

B. Stage One Analysis

Here, the plaintiff has presented sufficient evidence embodied in deposition transcripts, affidavits, declarations, and documents to show that he is similarly situated to other employees who held or hold the job title Sales Manager while employed at Staples. First, as Sales Managers, the plaintiffs work more than forty hour weeks.[16] Second, the record indicates that the plaintiff and other members of the class are similarly situated in that they did not: (1) hire personnel,[17] (2) terminate personnel,[18] (3) arrange or create schedules for the hourly employees,[19] (4) train the hourly employees,[20] and (5) review the key management reports.[21] Third, the plaintiff and other employees spent the vast majority of their time performing similar tasks normally relegated to hourly workers.[22] These tasks included: (1) stocking,[23] (2) working as a

---

[16] See supra note 3.

[17] See supra note 4

[18] See supra note 5.

[19] See supra note 6.

[20] See supra note 7.

[21] See supra note 8.

[22] See supra note 9; see also Hoyt Dep. at 39:11-16, 53:16-54:1(stating that Staples hires stock associates to stock merchandise); Moore Dep. at 168:1-3(stating that Associates unpack stock when its delivered to the store); Moore Dep. at 140:11-13(stating that it is the Associate's responsibility to clean the store).

[23] See supra note 10.

cashier,[24] (3) cleaning,[25] (4) unloading the delivery truck,[26] and (5) selling products directly to customers.[27]   Fourth, the defendants do not dispute that tasks such as stocking shelves, assisting customers, and working as a cashier are tasks normally performed by hourly workers.  See Hoyt Dep. at 39:11-16, 53:16-54:1 (stating that Staples hires stock associates to stock merchandise); Moore Dep. at 168:1-3 (stating that Associates unpack stock when its delivered to the store).

Finally, while the defendant may believe that it was not required to pay its Sales Managers for hours that they worked beyond forty hours, it does not dispute that they operated under the same job description, Moore Dep. at 61:17-20, received the same training, had the same duties and responsibilities throughout the company, Hoyt Dep. at 47:20-22; Moore Dep. at 97:9-11, and at least some of these employees sometimes worked beyond forty hours per week and did not receive overtime compensation as defined under the FLSA.  See Hoyt Dep. at 19:5-20:4; Moore Dep. at 49:6-12.   Therefore, it appears that these employees were subject to the same compensation policy.  Moore Dep. At 63:20-24.  Thus, the Sales Managers are similarly situated.   Defendant's arguments as to whether or not the duties performed, in light of the job description, are exempt from FLSA's overtime requirements is a question that goes to the merits of plaintiff's claims.  At this juncture, it is improper to consider the merits of plaintiff's claims since this case is before the Court only on a motion for conditional certification.  See, e.g., Hewitt, 2007 WL 2121693 at * 8 (citing Goldman v.Radio Shack, Civ. No. 03-32, 2003 WL

---

[24] See supra note11.

[25] See supra note 12.

[26] See supra note 13.

[27] See supra note 14.

21250571 at *8 (E.D.Pa. Apr. 16, 2003)).  Indeed, at this stage the Court here does not engage in an analysis as to whether or not the Sales managers are exempt, but rather concentrates on whether or not the plaintiff has satisfied the lenient burden of showing that the other Sales Managers are similarly situated to him and he has met this burden.

For these reasons, there is sufficient factual basis exists to conditionally certify the collective action and for judicial approval of a notice to the similarly situated employees of this action and their right to opt-in.  See Aquillino, 2006 WL 2583563 at *2.

_____ C.  Court-Facilitated Notice

As Judge Hayden observed in Ingram,

> [o]nce a court conditionally certifies a collective action, it has the discretion to provide court-facilitated notice.  Hoffman-La Roche, 493 U.S. at 170.  Such notice: (1) ensures that the employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," id., and (2) "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut off dates to expedite the disposition of the action."  Id. at 172.

Ingram, 2008 WL 281224 at *4; see also Lynch v. United Services Auto. Ass'n, 491 F.Supp.2d 357, 367 (S.D.N.Y. 2007)(stating that "court-supervised notice is the preferred method for managing the notification process for several reasons: it avoids 'multiplicity of duplicative suits;' it allows the court to set deadlines to advance the disposition of an action; it furthers the 'wisdom and necessity for early judicial intervention' in multi-party actions; and it protects plaintiffs' claims from expiring under the statute of limitations.") (citing Hoffmann-La Roche Inc., 493 U.S. at 171-72.)

Although this Court agrees with the substance of most of defendant's comments to the proposed notice, the Court declines to adopt the precise language the defendant advocates.

-14-

Rather, the Court will modify the language of the proposed notice to "ensure that it is timely, accurate, and informative." Hoffman-La Roche, 493 U.S. at 172. In doing so, the Court will amend the proposed notice to ensure, among other things, that (1) it explain what a collective action is, (2) describes the composition of the proposed class, (3) notifies the putative class members of their right to retain their own counsel, (4) notifies the putative class members that if they join that they are bound by the judgment, (5) notifies the putative class members that the defendant contests plaintiff's claims, (6) notifies the putative class members that the Court has expressed no opinion as to the merits of the claim, (7) notifies the putative class members of the consequences of opting in or declining to do so, and (8) notifies the recipients that California Sales Managers are not eligible to participate. The Court, however, has declined to discuss the obligations concerning costs. First, the notice serves as a means to identify those who believe that they have been injured by the defendants' overtime policy and to give them a forum to pursue their potential claims. The decision to actually pursue the claim can be made after the opt-in plaintiff consults with counsel and counsel advises him/her of their duties and obligations. Second, the proposed notice already states that counsel is being paid on a contingency basis, see Notice at Part VI, and plaintiff's counsel are obligated to explain what this means to each plaintiff. Contingency arrangements often address the topic of cost and so counsel will be obliged to explain this to each potential plaintiff. Third, to ensure that the opt-in plaintiffs are fully advised of their rights and obligations, the Court directs plaintiff's counsel to advise each opt-in of his or her obligations before the consent form is filed, including advising the opt-in plaintiffs that they maybe required to provide factual information (which may include responses to interrogatories and/or a deposition) and pay costs if the defendants prevail (assuming that the

plaintiff's counsel have not decided to pay any such costs).  Counsel's filing of the consent form

will be deemed to reflect counsel's representation that he or she has discussed with the opt-in

plaintiff identified on the form the fee arrangement, cost obligations, and requirements to provide

information.

   For these reasons, the plaintiff's proposed notice will be modified to meet the goals of a

court-facilitated notice.

   D.  Existing Consent Forms

   The defendant argues that the existing consent forms sent with the plaintiff's

advertisement should be invalidated because they were inaccurate and were not subject to court-

approval.  The plaintiff argues that the correspondence sent to potential plaintiffs was nothing

more than an advertisement for legal services.  Indeed, the correspondence at issue clearly stated

on the top of the first page that it is an attorney advertisement.  While this Court recognizes the

plaintiff's counsel's right to advertise, see Shapero v. Kentucky Bar Ass'n, 486 U.S. 466, 473-

474 (1988), the Court would be remiss if it did not examine this targeted advertisement in light

of the goals of collective actions and court-supervised notices in FLSA cases.  "The utility of a

collective FLSA action 'depend[s] on employees receiving accurate and timely notice concerning

[its] pendency,'" Ellis v. Edward D. Jones & Co., L.P., 527 F.Supp.2d 439, 444 (W.D.Pa. 2007)

(citing  Hoffmann-La Roche Inc., 493 U.S. at 169-70), and thus this Court must ensure that the

plaintiffs who have joined this action as a result of plaintiff's attorney's advertisement did so

based upon the information that a court-supervised notice provides.  As such, although the letter

sent to potential plaintiffs is arguably an attorney advertisement, the notice's explicit link to the

FLSA claim requires that the participants exposed to and who may have relied on it in deciding

-16-

whether or not to join the instant action also be informed in accordance with the principles of

Hoffmann-La Roche Inc. and its progeny.  To achieve this goal, the Court will require that all

current plaintiffs be served with the court-supervised notice and execute the consent form

attached thereto.  The consent forms for these plaintiffs shall be attached to a certification of

plaintiff's counsel that includes a chart that identifies the docket entry number for each of the

plaintiffs who also executed the Court-authorized consent form and identify those who did not

return the court-authorized form.

     E.    Plaintiff's Demand for Contact Information

Plaintiff also seeks contact information as well as social security and dates of births for

current and former employees who held the Sales Manager title from the three years before the

Complaint was filed to the present.  Defendant's argument that to retrieve such information

would place an undue burden on them is inconsistent with the record.  The record indicates that

the defendant maintains a database containing the requested information and can retrieve the

information from this database.  See Moore Dep. at 34:20-23, 35:5-25; Hoyt Dep. at 15: 1-13.

Specifically, the defendant has approximately fourteen hundred stores nationwide, Moore Dep. at

20:20-24, and maintains a human resources information system that contains the name, benefit

information, salary information and personal address of all its employees.  Id. at 32:19-23; Hoyt

Dep. at 15: 1-13.  The defendant can retrieve the names, dates of employment, and compensation

history for its Sales Managers from this database.  Moore Dep. at 34:20-23, 35:5-20; Hoyt Dep.

at 15: 1-13.  As such, plaintiff's request for contact information is reasonable, will not unduly

burden the defendant, and will facilitate dissemination of the notice in a prompt and efficient

fashion.  Therefore, plaintiff's request for contact information (i.e. name, address, telephone

number and last four digits of their social security number) for current and former employees who worked as Sales Managers from February 24, 2004 through April 1, 2008 is granted.  To the extent the information exists in an electronic format, it should be provided in such a format.

III. CONCLUSION

For all of these reasons: (1) the motion for conditional certification of the collective action is granted; (2) the notice shall be issued in the format attached to the Order; and (3) the defendant shall provide contact information, dates of employment, and the last four digits of the social security numbers of the persons who held the position of Sales Managers (except in California) during the period of February 21, 2004 through April 1, 2008.

/s/ Patty Shwartz
UNITED STATES MAGISTRATE JUDGE