UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD STILLMAN** : | |
| : | Civil Action No. 07-849 (KSH) |
| **Plaintiff,** : | |
| : | |
| v.  : | **ORDER** |
| : | |
| **STAPLES, INC.** : | |
| : | |
| **Defendant** : | |

    This matter having come before the Court by way of motions of defendant for judgment as a matter of law and a new trial pursuant to Fed. R. Civ. P. 50;

    and it appearing that the defendant filed three separate motions and three separate briefs in support of its request for relief;

    and a party's motion for judgment as a matter of law and a new trial is a single motion that may be predicated upon multiple arguments;

    and the L. Civ. R, 7.2 setting page limits concerning briefs in support of a motion;

    and Rule 7.2 stating that "[a]ny brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages . . . excluding the pagers required for the table of contents and authorities . . . "

    and the briefs that have been submitted in support of the single motion total 72 pages, excluding the pages required for the table of contents and authorities;

    and while there is authority to submit a brief that exceeds the page limit, such briefs may only be submitted if "special permission . . . is obtained prior to the submission of the brief," L. Civ. R. 7.2(b);

and no permission having been sought;

and it appearing that the multiple motion and briefs circumvents the pages limits;

and the briefs therefore violate Rule 7.2;

and the Courts in this District strictly enforcing this rule, <u>Thompson v. Eva's Village and Sheltering Program</u>, Civ. No. 04-2548, 2008 WL 4661802, * 2  (D.N.J. Oct. 20, 2008)(stating that "Courts in this district have admonished parties, including those proceeding <u>pro se</u>, for violating Rule 7.2(b) and have repeatedly refused to consider briefs submitted in violation of the rule."); <u>CSR Ltd. v. Cigna Corp.</u>, Civ. No. 95-2947, 2005 WL 3132188, *16 (D.N.J. Nov. 21, 2005)(referring to Local Civil Rule 7.2(b) and stating that "[t]he Court expects all parties to adhere strictly to the limitations of the Local Rules in all future submissions and avoid artificial ruses designed to expand the length of briefs.");

and the Court finding that, given the nature of the issues, there is no need for the parties to submit briefs that exceed the page limit;

IT IS THEREFORE ON THIS 16th day of March, 2009

ORDERED that the motions of defendant for judgment as a matter of law and a new trial pursuant to Fed. R. Civ. P. 50 [Docket Nos. 696, 697, and 698] are struck.  A single motion and single brief that complies with L. Civ. R. 7.2 shall be submitted no later than **March 19, 2009.** New arguments may not be submitted;

IT IS FURTHER ORDERED that, no later than **March 28, 2009**, the plaintiffs shall submit their brief in response to defendant's motion and petition in support of their request for attorneys fees if the fee issue is unresolved;[1]

IT IS FURTHER ORDERED that, no later than **April 1 , 2009**, the defendant shall

---

[1] Because no new arguments can be included, the plaintiffs are only being given a two-day extension to submit their opposition.  Moreover because the defendant's briefing has caused the delay, it is receiving only a one-day extension to submit its reply.

submit its reply; and

      IT IS FURTHER ORDERED that, no later than **April 19, 2009**, the defendant shall submit its opposition to the fee petition if the fee issue is unresolved.

                                                             s/Patty Shwartz  
                                                            **UNITED STATES MAGISTRATE JUDGE**